UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
5 RIVERS CRE, LLC,                                                      :
                                                                        :
                        Plaintiff,                                      :
              -v-                                                       :     25-CV-5639 (JMF)
                                                                        :
MT. HAWLEY INSURANCE COMPANY,                                           :     ORDER
                                                                        :
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff 5 Rivers CRE, LLC brings this action against Defendant Mt. Hawley Insurance Company, invoking the Court's subject matter jurisdiction on the ground of diversity of citizenship. Diversity jurisdiction, however, extends only to cases in which there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

      Here, the Complaint contains only the conclusory allegation that "the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs." ECF No. 1 ("Compl."), at ¶ 4. That is insufficient to satisfy the amount in controversy requirement. *See e.g., Bonafide Builders, Inc. v. Colony Ins. Co.*, No. 22-CV-7906 (DLI) (RER), 2023 WL 2954985, at *2 (E.D.N.Y. Apr. 14, 2023) ("[T]he amount in controversy must be non-speculative to satisfy the statute, and conclusory allegations that the amount-in-controversy requirement is satisfied are insufficient."); *Pena v. Gen. Motors Fin. Co. Inc.*, No. 20-CV-09294 (NSR), 2022 WL 889434, at *2 (S.D.N.Y. Mar. 25, 2022) ("[A] conclusory statement by a party that the amount in controversy is met is insufficient to support subject matter jurisdiction."); *Torres v. Merriman*, No. 20-CV-03034, 2020 WL 1910494, at *2 (S.D.N.Y. Apr. 17, 2020) ("[A] mere conclusory statement that the amount in controversy exceeds $75,000 is insufficient for the Court to determine by a preponderance of the evidence that the jurisdiction threshold of 28 U.S.C. § 1332(a) has been met.").

      Accordingly, it is hereby ORDERED that, on or before **July 17, 2025,** Plaintiff shall amend the Complaint to adequately allege that the amount in controversy exceeds $75,000. If Plaintiff cannot satisfy its burden by that date, the Court will dismiss this action for lack of subject matter jurisdiction without further notice.

      SO ORDERED.

Dated: July 10, 2025
      New York, New York
                                                            JESSE M. FURMAN
                                                          United States District Judge